United States District Court
Southern District of Texas
**ENTERED**
January 03, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO LEONARD BROWN,<br>Petitioner, | §<br>§<br>§ |
| v. | § CIVIL ACTION NO: H-17-903 |
| | § |
| LORIE DAVIS,<br>    Director of the Texas Department<br>    of Criminal Justice - Correctional<br>    Institutions Division,<br>        Respondent. | §<br>§<br>§<br>§<br>§ |

## **MEMORANDUM AND RECOMMENDATION**

This petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). The court recommends respondent's motion for summary judgment, as supplemented, (Dkts. 15, 21) be granted and the petition be denied with prejudice.

### **Background**

Petitioner Brown challenges his conviction for assault of his girlfriend. Brown entered a plea of not guilty. On August 12, 2014, a jury found him guilty, found an enhancement to be true, and sentenced him to 17 years in prison. The Second Court of Appeals affirmed the conviction, and the Texas Court of Criminal Appeals denied his petition for discretionary review. He did not file a petition for writ of certiorari to the United States Supreme Court.

Brown challenged his conviction in two state applications for writ of habeas corpus. The first application was dismissed for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure. The Texas Court of Criminal Appeals denied the second application without written order on the findings of the trial court. Brown then filed this federal petition

on March 15, 2017.

**Analysis**

Brown asserts eleven grounds for relief, all alleging ineffective assistance of trial and appellate counsel. Respondent does not contend that Brown's petition is successive or barred by the statute of limitations. Respondent argues that two of Brown's claims are procedurally defaulted and the others are without merit.

*__Legal standards.__* Brown's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Ineffective assistance of counsel claims are determined based on the two-prong standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must show that his counsel's performance was "deficient" by pointing out specific errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional

assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Second, a defendant must demonstrate that his counsel's performance prejudiced his defense. "The focus here is whether a reasonable probability exists that counsel's deficient performance affected the outcome and denied [the defendant] a fair trial." *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). Conclusory allegations are insufficient; specific facts must be alleged. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). Moreover, defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). The test on federal habeas review is whether the state habeas court's decision was contrary to or an unreasonable application of the *Strickland* standards.

***Ineffective assistance of counsel: procedural default.*** Brown asserts two grounds for relief that were not presented on direct appeal or in his state habeas petition. Ground 1, in part, asserts that his trial counsel was ineffective because he did not challenge the lack of blacks on the jury. Ground 8 alleges counsel allowed hearsay testimony from a police officer. If Brown were to file a new state application on such grounds, it would be barred by the Texas abuse of writ doctrine. *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Therefore, the claims are barred from federal review under the procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Brown has not demonstrated the cause and resulting prejudice necessary to excuse his default, or that refusal to consider his claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501

U.S. 722, 750-51 (1991).

Brown also has not met his burden to show that either claim amounts to a "substantial claim of ineffectiveness" sufficient to invoke the procedural default exception created by *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013). Brown's allegations are wholly conclusory. There is no evidence as to the racial makeup of the jury array, and no evidence that the prosecution used any peremptory challenge to strike a potential black juror. As to the purported hearsay testimony, the record reflects that trial counsel did object and the court overruled the objection.[1] As to both grounds, there is no showing that Brown was prejudiced by counsel's actions. Therefore, these claims of ineffective assistance of counsel should be denied.

***Ineffective assistance of counsel: AEDPA review.*** As to all of Brown's remaining claims, he fails to meet his burden under AEDPA. The Texas Court of Criminal Appeals denied Brown's state writ petition on the findings of the trial court.[2] The findings of the trial court[3] are based on trial counsel's affidavit[4], which the court found to be credible.[5] Brown has not shown that the state court's rejection of his claims was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts.

---

[1]  Dkt. 16-12 at 53-54.

[2]  Dkt. 17-5.

[3]  Dkt. 17-9 at 35-41.

[4]  Dkt. 17-9 at 10-25.

[5]  Dkt. 17-9 at 35.

Specifically, in Ground 1 Brown alleges that his counsel was ineffective for not objecting and requesting a jury shuffle when the empaneled jury consisted primarily of women. But there is no evidence that males were systematically excluded from the jury panel, as required to show a Constitutional violation. *Taylor v. Louisiana*, 419 U.S. 522, 527, 538 (1975). In his Ground 2, Brown asserts that counsel should not have let him sign a stipulation admitting to a previous misdemeanor conviction of family violence. The state habeas court credited counsel's affidavit that he discussed the prior conviction with Brown, Brown admitted it, and Brown agreed that the stipulation was in his best interest. Brown has failed to overcome the presumption of correctness afforded to these trial court findings adopted by the Texas Court of Criminal Appeals.

Grounds 3 and 4 challenge his counsel's failure to object to evidence relating to an over 20-year old marijuana conviction in Alabama. However, counsel refuted these allegations in his affidavit by showing that he filed a motion to quash the enhancement based on this charge, but was overruled; he also objection to the admission of the conviction into evidence at the punishment phase and was again overruled.[6] There is no basis for setting aside the state habeas court's ruling on these claims. In Ground 5, Brown contends that counsel failed to compel the state to produce fingerprint evidence to prove the Alabama conviction.[7] There is no means to compel the state to produce this type of evidence, and the

---

[6] Dkt. 17-9 at 17-18.

[7] It is unclear if Brown is referring to fingerprint evidence of the prior family assault conviction or the 1992 marijuana conviction. Either way, the claim is without merit for the reason stated above.

5

record shows that counsel in fact did object to the admission of evidence regarding the conviction partly on the grounds that no fingerprint evidence existed.[8] Again, Brown fails to meet his burden to show he is entitled to relief on this ground.

Ground 6 asserts that counsel should have moved for a mistrial after the victim (defendant's girlfriend and a hostile witness for the state) was reported to have spoken with members of the jury pool. The state court found no evidence that the victim spoke with any seated members of the jury, or that any jury member was influenced by the conversation.[9] Brown has not shown to the contrary.

Ground 7 alleges counsel failed to object to the use of the "repetition" in the indictment and jury charge. Counsel explained that "repetition," was the common language used to describe the crime of which Brown was accused.[10] The state court concluded that failure to make such an objection did not fall below an objective standard of reasonableness.[11] This claim of ineffective assistance of counsel is without merit.

Brown's ninth ground for relief alleges that trial counsel "failed to make any meaningful objections at trial that would have resulted in favorable action on appeal. Any objections, if any, were made solely to give the appearance of 'lawyering', without actually helping his client on any of the major issues that may have been helpful to the defense of his

---

[8] *Id.*

[9] Dkt. 17-9 at 36-37.

[10] *Id.* at 22.

[11] *Id.* at 40.

client."[12] Such conclusory allegations are insufficient to raise a constitutional issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

On appeal, counsel raised three points of error, all challenging Brown's sentence. In his tenth ground for relief, Brown argues that appellate counsel was ineffective for not raising trial counsel's errors.[13] Brown has not specified the issues he contends should have been raised on appeal, and has not shown a reasonable probability that any such unraised issues was likely to be successful on appeal. *Smith*, 528 U.S. at 285; *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973).

Finally, in Ground 11, Brown lists numerous additional ways in which he believes trial counsel was ineffective.[14] Grounds 11(c)-(k) are duplicative of the claims discussed above and are denied for the same reasons. Ground 11(a) and (b) allege that counsel failed to put on a defense because he did not call witnesses, including an expert witness, and did not hire an investigator to show that the victim was a drug addict trying to stay out of jail, and did not do his own investigation of the incident scene. Brown's claims are conclusory, *Ross*, 694 F.2d at 1012, and are insufficient because he does not show that any uncalled witness or any investigation would have resulted in evidence that would have altered the result of the trial. *United States v. Green*,. 882 F.2d 999, 1003 (5th Cir. 1989) ("a defendant who alleges

---

[12] Dkt. 1 at 9.

[13] The *Strickland* standard applies to claims of ineffective assistance of counsel on appeal. *Smith v. Robbins*, 528 U.S. 259, 284-85 (2000).

[14] A page of Brown's petition was inadvertently omitted from filing. Thus, the majority of his ground 11 is set forth in a supplemental filing, (Dkt. 8), to which respondent filed a supplemental motion (Dkt. 21).

a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."); *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) ("complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative."). These deficiencies are especially clear with regard to the failure to investigate the victim, because on cross-examination trial counsel was able to elicit admissions of her drug use, her parole status, and her desire not to go to prison.[15]

**Conclusion**

For the reasons stated above, the court recommends that respondent's motion for summary judgment (Dkt. 15) be granted and Brown's petition for writ of habeas corpus be denied with prejudice.

The parties have 14 days from receipt to file written objections. *See* Rule 8(b) of the Rule Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72. Failure to file written objections within that time may bar an aggrieved party from attacking the factual findings and legal conclusions on appeal, except for plain error.

Signed at Houston, Texas on January 3, 2018.

*[signature]*
Stephen Wm. Smith
United States Magistrate Judge

---

[15] Dkt. 17-9 at 37.